**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

JAMAR HENRY,

                  Petitioner,

v.                                  Civil Action No. 17-CV-13153

                                      HONORABLE MARK A. GOLDSMITH

J.A. TERRIS,

                  Respondent,

_____/

**OPINION & ORDER**
**(1) SUMMARILY DENYING THE PETITION FOR WRIT OF HABEAS CORPUS**
**BROUGHT PURSUANT TO 28 U.S.C. § 2241 AND (2) GRANTING LEAVE TO APPEAL**
**IN FORMA PAUPERIS**

Petitioner Jamar Henry, currently incarcerated at the Federal Correctional Institution in

Milan, Michigan, filed a petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2241,

challenging his sentence for possession with intent to distribute 5 or more grams of crack cocaine,

18 U.S.C. § 841(a)(1), (b)(1)(B). For the reasons stated below, the petition for writ of habeas

corpus filed pursuant to 28 U.S.C. § 2241 is summarily denied.

**I. BACKGROUND**

Petitioner was convicted following a bench trial in the United States District Court for the

Central District of Illinois. On September 2, 2003, petitioner was sentenced to 262 months in

prison.

Petitioner's conviction was affirmed on appeal. United States v. Henry, 408 F.3d 930 (7th

Cir. 2005). The Seventh Circuit, however, found that the district court had erred in treating the

sentencing guidelines as mandatory, in light of the Supreme Court's decision in United States v.

Booker, 543 U.S. 220 (2005), and remanded the case to the district court for the judge to determine whether he would have imposed the same sentence under an advisory sentencing guidelines scheme. Henry, 408 F.3d at 935.

On remand, the judge indicated that he would have imposed the same sentence even with the sentencing guidelines being advisory and not mandatory. The Seventh Circuit after remand affirmed petitioner's sentence of 262 months as being reasonable. United States v. Henry, 153 F. App'x 977 (7th Cir. 2005).

Petitioner filed a motion to vacate sentence pursuant to 28 U.S.C. § 2255, which was denied. Henry v. United States, No. 07-3014, 2008 WL 5122202 (C.D. Ill. Dec. 5, 2008).

Petitioner filed a motion for a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(2), based on Amendment 750 of the Sentencing Guidelines, which changed the sentencing guidelines for crimes related to crack cocaine. The sentencing judge, in a text order, denied the motion on the ground that petitioner had not been sentenced under the guidelines for crack cocaine but under the career-offender guidelines, which were not amended by Amendment 750. The judge also found that the Fair Sentencing Act did not apply to petitioner's case because it was passed after petitioner had been sentenced and had not been made retroactive. United States v. Henry, No. 07-3014 (C.D. Ill. Sept. 17, 2014).

Petitioner subsequently filed a motion for a reduction of his sentence based on Amendment 782 of the Sentencing Guidelines, which was also denied. United States v. Henry, No. 07-3014 (C.D. Ill. June 18, 2015).

On October 27, 2016, President Barack Obama granted clemency to petitioner and reduced his sentence to 224 months.

On September 18, 2017, the sentencing judge recommended that petitioner be placed in a residential entry center or halfway house for the remainder of his sentence. United States v. Henry, No. 07-3014 (C.D. Ill. Sept. 18, 2017).  Petitioner's sentence ends on October 27, 2018.

Petitioner has filed a petition for writ of habeas corpus, seeking habeas relief on the following ground:

> Whether, as a result of the Petitioner's clemency grant, his resulting revised sentence entitles the petitioner to application of a two point sentencing reduction pursuant to Amendment 750 [of the Federal Sentencing Guidelines], entitling him to immediate release.

## II. DISCUSSON

A petition for a writ of habeas corpus must set forth facts that give rise to a cause of action under federal law or it may summarily be dismissed.  See Perez v. Hemingway, 157 F. Supp. 2d 790, 796 (E.D. Mich. 2001).  Federal courts are also authorized to dismiss any habeas petition that appears legally insufficient on its face.  McFarland v. Scott, 512 U.S. 849, 856 (1994).  A federal district court is authorized to summarily dismiss a habeas corpus petition if it plainly appears from the face of the petition or the exhibits that are attached to it that the petitioner is not entitled to federal habeas relief.  See Carson v. Burke, 178 F.3d 434, 436 (6th Cir. 1999).  Indeed, the Sixth Circuit long ago indicated that they "disapprove the practice of issuing a show cause order [to the respondent] until after the District Court first has made a careful examination of the petition." Allen v. Perini, 424 F.2d 134, 140 (6th Cir. 1970).  A district court therefore has the duty to screen out any habeas corpus petition which lacks merit on its face.  Id. at 141.  No response to a habeas petition is necessary when the petition is frivolous, or obviously lacks merit, or where the necessary facts can be determined from the petition itself without consideration of a response by the state. Id.  District courts have used Rule 4 of the habeas corpus rules to summarily dismiss facially insufficient habeas petitions brought under § 2241.  See, e.g., Perez, 157 F. Supp. 2d at 796

3

(additional citations omitted). The petition is subject to summary dismissal because it is facially insufficient to grant habeas relief. See Alexander v. N. Bureau of Prisons, 419 F. App'x. 544, 545 (6th Cir. 2011).

A federal prisoner may bring a claim challenging his or her conviction or the imposition of sentence under 28 U.S.C. § 2241 only if it appears that the remedy afforded under § 2255 is inadequate or ineffective to test the legality of the defendant's detention. See Wooten v. Cauley, 677 F.3d 303, 307 (6th Cir. 2012). Habeas corpus is not an additional, alternative, or supplemental remedy to the motion to vacate, set aside, or correct the sentence. See Charles v. Chandler, 180 F.3d 753, 758 (6th Cir. 1999). The burden of showing that the remedy afforded under § 2255 is inadequate or ineffective rests with the petitioner. In Re Gregory, 181 F.3d 713, 714 (6th Cir. 1999). The remedy afforded under § 2255 is not considered inadequate or ineffective simply because § 2255 relief has already been denied, or because the petitioner has been procedurally barred from pursuing relief under § 2255, or because the petitioner has been denied permission to file a second or successive motion to vacate sentence. Wooten v. Cauley, 677 F.3d at 303; Charles v. Chandler, 180 F.3d at 756.

Until recently, a federal prisoner could not raise a challenge to his or her sentence under 28 U.S.C. § 2241. See Gibbs v. United States, 655 F.3d 473, 479 (6th Cir. 2011); see also United States v. Peterman, 249 F.3d 458, 462 (6th Cir. 2001) (vacating habeas relief where habeas petitioners "do not argue innocence but instead challenge their sentences," as "[c]ourts have generally declined to collaterally review sentences that fall within the statutory maximum").

The Sixth Circuit, however, recently modified this rule. In Hill v. Masters, 836 F.3d 591 (6th Cir. 2016), the Sixth Circuit held that a federal prisoner may challenge his or her  sentencing enhancement as a career offender under § 2241 through the § 2255(e) savings clause by: "(1)

prisoners who were sentenced under the mandatory guidelines regime pre-<u>United States v. Booker</u>, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), (2) who are foreclosed from filing a successive petition under § 2255, and (3) when a subsequent, retroactive change in statutory interpretation by the Supreme Court reveals that a previous conviction is not a predicate offense for a career-offender enhancement." <u>Id.</u>, at 599-600.

Here, Petitioner is unable to challenge his sentence in a § 2241 habeas petition because his case does not fall within the exception under <u>Hill</u> to come within the savings clause of § 2255 for several reasons.

First, although Petitioner was sentenced before the Supreme Court held in <u>Booker</u> that the sentencing guidelines were not mandatory but only advisory, Petitioner's appeal of right occurred after the Supreme Court had issued its decision in <u>Booker</u>. The Seventh Circuit ruled that in light of the Supreme Court's decision in <u>Booker</u>, the district court erred in treating the sentencing guidelines as mandatory and remanded the case to the district judge for a determination of whether he would have imposed the same sentence under an advisory sentencing guidelines scheme. On remand, the district judge concluded that even with the sentencing guidelines being advisory, he would have imposed the same sentence. Based on this determination, Petitioner was not sentenced under the pre-<u>Booker</u> mandatory guidelines regime; thus, he cannot use § 2241 to challenge the judge's sentence.

Second, there is no indication that Petitioner was precluded from filing a second § 2255 motion to vacate sentence to seek a two point reduction of his sentence under Amendment 750. Petitioner, in fact, did seek a reduction of his sentence under Amendment 750, albeit by means of filing a motion for reduction of sentence under 18 U.S.C. § 3582(c)(2). The judge did not deny relief on the ground that Petitioner's motion was an impermissible successive post-conviction

motion to vacate, but because Petitioner's claim lacked merit. The gravamen of the holding in Hill appears to be that a federal prisoner in certain situations should be able to use a § 2241 habeas petition to bring a post-conviction challenge to his or her sentence where there has been a change in the law and the prisoner has not been given an unobstructed opportunity to seek post-conviction relief from the sentencing. Petitioner was afforded an opportunity to seek a reduction in his sentencing guidelines pursuant to Amendment 750.

Third, habeas corpus relief is unavailable to a federal prisoner whose claims have already been ruled upon adversely in a prior proceeding. See, e.g., Sandles v. Scott, 26 F. Supp. 2d 1355, 1356-1357 (N.D. Ga. 1998) (denying habeas petition when petitioner's claims had already been ruled upon adversely in his prior motion to vacate sentence). Under the doctrine of claim preclusion, a final judgment bars any and all claims by a litigant based on the same cause of action, as to every matter actually litigated, and as to every ground of recovery that could have been presented. See Black v. Ryder/P.I.E. Nationwide, Inc., 15 F.3d 573, 582 (6th Cir. 1994). Petitioner's habeas application is barred by the doctrine of claim preclusion, because Petitioner's claim is identical to the claim in his prior motion to reduce the sentence before the United States District Court for the Central District of Illinois. See, e.g., Lanthron v. U.S., 3 Fed. Appx. 490, 491 (6th Cir. 2001); see also Smith v. Reno, 3 Fed. App'x 403 (6th Cir. 2001).

Finally, the Sixth Circuit in Hill expressly limited its holding to a federal prisoner who sought to challenge his or her sentencing enhancement as a career offender under § 2241 through the § 2255(e) savings clause where a retroactive change in statutory interpretation by the Supreme Court indicated that a petitioner's previous conviction could not be used as predicate offense for a career-offender enhancement. Petitioner does not challenge any sentence enhancement as a career

offender but merely seeks a two point reduction in his sentencing guidelines based on Amendment 750 of the Sentencing Guidelines.

Petitioner's claim does not come within <u>Hill</u>'s limited exception for bringing a § 2241 habeas petition to challenge his sentence because (i) the district judge concluded that the sentence would be the same even after the sentencing guidelines were advisory rather than mandatory; (ii) Petitioner had an opportunity to seek a reduction in his sentencing guidelines under Amendment 750; and (iii) Petitioner relies on an amendment to the Sentencing Guidelines that does not address the issue of sentencing enhancements for career offenders. Petitioner's claim does not come within the savings clause of Section 2255, and he thus cannot challenge his sentence in a habeas petition.

Assuming that petitioner could use § 2241 to seek a reduction of his sentencing guidelines, he would not be entitled to habeas relief. Petitioner was sentenced under the Federal Sentencing Guidelines as a career offender. <u>See</u> <u>Henry v. United States</u>, 2008 WL 5122202, at *2, 4. The Sixth Circuit has expressly held that Amendment 750 of the Sentencing Guidelines applies only to the crack cocaine sentencing guidelines prescribed by U.S.S.G. § 2D1.1, but does not apply to the career offender sentencing guidelines prescribed by U.S.S.G. § 4B1.1. <u>See</u> <u>United States v. Riley</u>, 726 F.3d 756, 758-61 (6th Cir. 2013). Petitioner as a career offender is ineligible for a reduction of his sentence pursuant to Amendment 750.

### III. CONCLUSION

For these reasons, the Petition for Writ of Habeas Corpus brought pursuant to 28 U.S.C. § 2241 is summarily denied**.** Because a certificate of appealability is not needed to appeal the denial of a habeas petition filed under § 2241, <u>Witham v. United States</u>, 355 F. 3d 501, 504 (6th Cir. 2004), Petitioner need not apply for one with this Court or with the Sixth Circuit before filing an appeal from the denial of his habeas petition. The Court will grant Petitioner leave to appeal <u>in</u>

forma pauperis because any appeal would be taken in good faith.  See Foster v. Ludwick, 208 F.

Supp. 2d 750, 765 (E.D. Mich. 2002).

       SO ORDERED.


Dated:  July 2, 2018                               s/Mark A. Goldsmith
      Detroit, Michigan                          MARK A. GOLDSMITH
                                        United States District Judge

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on July 2, 2018.

                                 s/Karri Sandusky
                                 Case Manager